## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LYNN ANTISTA, on behalf of herself & those similarly situated,** | Civ. No. 2:17-cv-3567 (WJM) |
| **Plaintiff,** | **OPINION** |
| **v.** | |
| **FINANCIAL RECOVERY SERVICES, INC., CAVALRY SPV I, LLC, and JOHN DOES 1 TO 10,** | |
| **Defendants.** | |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

Plaintiff Lynn Antista brings this putative class action against Defendants Financial Recovery Service ("FRS") and Cavalry SPV I, LLC ("Cavalry"), alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). According to the Complaint, Defendants' collection letter contained a "false, deceptive, or misleading representation" by stating that "settlement may have tax consequences." Now before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's claim regarding the potential tax consequences of settlement is **DISMISSED**. Plaintiff's second FDCPA claim is not affected by this motion and remains pending.

### I.     BACKGROUND

The facts in this case are fairly straightforward. Plaintiff defaulted on an account with HSBC Bank Nevada, N.A, during the summer of 2011. Compl. ¶ 24. Defendant Cavalry purchased the debt,[1] then hired Defendant FRS to collect. ¶ 27; Compl. Ex. A. This action arises from a collection letter that FRS sent to Plaintiff on May 19, 2016, which stated that Plaintiff owed $410.31.[2] After describing three different settlement options, the letter made the following proviso:

---

[1] According to the Complaint, Cavalry is a Delaware company in the business of purchasing pools of defaulted consumer debt. Compl. ¶ 6.

[2] Plaintiff alleges that she was insolvent at the time she received letter and thus could not pay the

This settlement may have tax consequences. Please consult your tax advisor. FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice. The offers of settlement in this letter are merely offers to resolve your account for less than the balance due. For assistance, please feel free to call us at the toll free number listed below or use our online consumer help desk.

The reason that settlement "may have tax consequences" is that canceled or discharged debt qualifies as gross taxable income, which normally must be reported to the IRS. Plaintiff does not dispute this general proposition. Rather, Plaintiff alleges that the statement, "[t]his settlement may have tax consequences," is false or misleading because the particular circumstances of Plaintiff's debt exempt her from reporting the discharge of that debt as taxable income. Specifically, the tax code contains reporting exceptions for debtors in insolvency, *see* 26 U.S.C. § 108(a)(1)(B); debts disputed at the time of discharge, *see Zarin v. C.I.R.*, 916 F.2d 110, 115 (3d Cir. 1990); and discharged debts under $600. *See* 26 U.S.C. § 6050P(b). Plaintiff argues that each of these exceptions applies and that she therefore would have no obligation to report a settlement. Consequently, the statement that settlement "may have tax consequences" is false and misleading. A second FDCPA claim—that Defendants engaged unfair and deceptive practices by attempting to collect time-barred debts without proper disclosure—is not addressed in Defendants' motion and therefore remains pending.[3]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

outstanding debt. Compl. ¶ 63.

[3] Although the complaint includes only one Count, a close reading of the complaint reveals two distinct FDCPA claims.

for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III.    DISCUSSION

Congress passed the FDCPA in 1977 to combat "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011)(citing 15 U.S.C. § 1692(a)). Consumers accrue a private right of action against "any debt collector who fails to comply with any provision" of the FDCPA. § 1692k(a). Included among practices the FDCPA prohibits is the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. To determine whether a particular practice or action violates the FDCPA, courts assume the perspective of the "least sophisticated consumer." *Lesher*, 650 F.3d at 997. The "least sophisticated consumer" is "one with some level of understanding and one willing to read the document with some care . . . ." *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397-98 (6th Cir. 2015). "[A]lthough the 'least sophisticated debtor' standard is a low standard, it 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Lesher*, 650 F.3d at 997 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)(internal quotation marks and citation omitted)).

Gross taxable income includes discharged debt. *Cozzi v. C.I.R.*, 88 T.C. 435, 445 (1987)("The general theory is that to the extent that a taxpayer has been released from indebtedness, he has realized an accession to income because the cancellation effects a freeing of assets previously offset by the liability arising from such indebtedness."). Given that taxpayers are generally obligated to report gross income—discharged debt included—to the IRS, the FRS letter to Plaintiff stated that settlement of the debt "may have tax consequences." Compl. Ex A. The Complaint principally alleges that this statement was "false . . . deceptive and misleading because [it] deliberately fails to disclose that such reporting requirement is subject to seven exceptions," several of which allegedly apply to Plaintiff. ¶ 72. First, a discharged debt is excluded from gross income if "the discharge occurs when the taxpayer is insolvent." 26 U.S.C. § 108(a)(1)(B). Second, a debt that remains disputed is not taxable. *See Zarin v. C.I.R.*, 916 F.2d 110, 115 (3d Cir. 1990)("Under the contested liability doctrine, if a taxpayer, in good faith, disputed the amount of a debt, a subsequent settlement of the dispute would be treated as the amount of debt cognizable for tax purposes."). Third, the requirement to file an information return with the IRS does not apply to discharged debts under $600. 26 U.S.C.A. § 6050P(b) (West).

There is no need to determine whether these exceptions apply to Plaintiff; even if they do, the statement that settlement "may have tax consequences" is not false, deceptive, or misleading. Indeed, settlement "*may* have tax consequences," depending on a debtor's

individual circumstances. The Court must assume that a reasonable, unsophisticated debtor can distinguish between "may" and "must." *See Lesher*, 650 F.3d at 997; *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017); *Moore v. Diversified Collection Servs.*, 843 F. Supp. 2d 280, 284 (E.D.N.Y. 2012). In *Eades*, a letter stated that the plaintiff "may be liable" for an outstanding  balance owed to her mother's nursing home, and further that the creditor "may be entitled to recover the property transferred." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015). The plaintiff alleged that letter was "false, deceptive, or misleading" under the FDCPA because it did not apprise the plaintiff of all statutory defenses potentially available to her. *Id.* The Court disagreed:

> We conclude that even an unsophisticated consumer could not reasonably interpret Kennedy's collection letter as purporting to recite all relevant defenses and considerations . . . It does not state that Eades has no defenses. It tells her that she "*may* be held . . . liable" and that it "*may* be entitled to recover the property transferred," not that she is liable.

*Id.* at 173 (emphasis in original). The same reasoning applies to the statement that settlement with FRS "may have tax consequences." In fact, courts have rejected FDCPA claims involving identical language. *See Taylor*, 252 F. Supp. 2d at 353 ("FRS's statement in the [] letters that the 'settlement' . . . may have tax consequences does not violate § 1692e as a matter of law."). *See also Remington v. Fin. Recovery Servs., Inc.*, No. 3:16-CV-865 (JAM), 2017 WL 1014994, at *3 (D. Conn. Mar. 15, 2017) ("Defendants' statement in the letter to plaintiff that 'this settlement may have tax consequences' is not false. The acceptance of defendants' proposed settlement may result in cancellation of indebtedness, and cancellation of indebtedness in any amount may constitute taxable income."). The claim is therefore dismissed as to both Defendants.

The Court makes two additional observations. First, the motion to dismiss does not address Plaintiff's claim that Defendants' violated the FDCPA by seeking to collect a time-barred debt. *See* Compl. ¶ 96. That claim remains pending. Second, the Complaint seeks class certification. The record is not sufficiently developed to make a finding as to class certification, nor has the Plaintiff made a formal Rule 23 motion.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED**. Plaintiff's FDCPA claim concerning Defendants' statement about the potential tax consequences of settlement is **DISMISSED** as to both Defendants. Still pending is Plaintiff's second FDCPA claim, that Defendants engaged in unfair and deceptive practices act by attempting to settle time-barred debts without proper disclosure.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**December 28, 2017**